**Fill in this information to identify your case:**

Debtor 1  __Michael Lee Walker__

Debtor 2  __Michele Abbie Walker__
(Spouse, if filing)

United States Bankruptcy Court for the: District of South Carolina

Case number __22-00227-dd__

District of South Carolina

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed
☑ Pre-confirmation modification
☐ Post-confirmation modification

Section 3.2 is amended to list the second lien held by Acceptance Now. Section 3.2 is also amended to include the value of collateral and interest rate on all liens.

Section 3.3 is amended to list liens held by Auto Money Title Loans, GM Financial, and Pentagon Financial in response to the proof of claims filed on behalf of those creditors.

# Chapter 13 Plan

5/19

## Part 1:  Notice

| To Debtor(s): | This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. |
|---|---|

*In the following notice to creditors, you must check each box that applies.*

Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

| To Creditor(s): | You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document. |
|---|---|

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☑ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not included |

*MLW*
*M.A.W*

**Part 2:**     Plan Payments and Length of Plan

2.1   The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

   $1,725.00 per Month for 60 months

   *Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2   Regular payments to the trustee will be made from future income in the following manner:

   *Check all that apply.*

   ☑ Debtor(s) will make payments pursuant to a payroll deduction order.

   ☐ Debtor(s) will make payments directly to the trustee.

   ☐ Other (specify method of payment): _____.

2.3   Income tax refunds.

*Check one*

   ☑ The debtor will retain any income tax refunds received during the plan term.

   ☐ The debtor will treat income tax refunds as follows:

2.4   Additional payments.

*Check one:*

   ☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

   ☐ The debtor will make additional payment(s) to the trustee specified below. Describe the source, estimated amount, and date of each payment.

**Part 3:**     Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

3.1   Maintenance of payments and cure or waiver of default, if any.

*Check One.*

   ☑ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

3.2   Request for valuation of security and modification of undersecured claims. *Check one.*

   ☐ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**The remainder of this section will be effective only if the applicable box in Part 1 is checked.**

   ☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the

*MLW*
*M. A.W.*

amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the Trustee) |
|---|---|---|---|---|---|---|---|
| Acceptance Now Finance | $1,176.13 | Furniture | $300.00 | $0.00 | $300.00 | 5.25% | $10.00 (or more) |
| QVC | $1,000.00 | Laptop | $300.00 | $0.00 | $300.00 | 5.25% | $10.00 (or more) |
| Affirm | $922.17 | Desktop Computer | $300.00 | $0.00 | $300.00 | 5.25% | $10.00 (or more) |
| Acceptance Now Finance | $995.00 | Furniture | $300.00 | $0.00 | $300.00 | 5.25% | $10.00 (or more) |

3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

*Check One.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Auto Money Title Loans | 1994 Chevrolet Silverado | $615.24 | 5.25% | $15.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor(s) |
| Auto Money Title Loans | 2005 Volkswagen Beetle | $1,197.85 | 5.25% | $31.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor(s) |
| GM Financial | 2017 Chrysler 200 | $20,950.72 | 5.25% | $485.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor(s) |
| Pentagon Federal Credit Union | 2013 Toyota Tacoma | $18,450.02 | 5.25% | $436.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor(s) |

3.4    Lien avoidance.

*Check One.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**The remainder of this section will be effective only if the applicable box in Part 1 is checked.**

☑ The judicial liens or nonpossesry, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

*Choose the appropriate form for lien avoidance.*

Case 22-00227-dd    Doc 20    Filed 03/25/22    Entered 03/25/22 17:38:50    Desc Main
Document    Page 4 of 9

| Name of creditor and description of property securing lien | Estimated amount of claim | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Security Finance - Household Goods | $1,000.00 | $0.00 | $300.00 SC Code §15-41-30(A)(3) | $300.00 | $0.00 | 100% |
| Security Finance - Household Goods | $1,000.00 | $0.00 | $300.00 SC Code §15-41-30(A)(3) | $300.00 | $0.00 | 100% |
| Springleaf Financial - Household Goods | $14,797.00 | $0.00 | $300.00 SC Code §15-41-30(A)(3) | $300.00 | $0.00 | 100% |

*Use this form for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/avoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|

### 3.5 Surrender of Collateral.

*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's Fees

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received **N/A** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at **N/A** or less.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a pro rata basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

Check box below if there is a Domestic Support Obligation.

☐ Domestic Support Claims. 11 U.S.C. § 507(a)(1).

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____, at the rate of $$_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1    Nonpriority unsecured claims not separately classified. *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

    ☑ The debtor estimates payments of less than 100% of claims.

    ☐ The debtor proposes payment of 100% of claims.

    ☐ The debtor proposes payment of 100% of claims plus interest at the rate of __%.

5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3    Separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

    ☐ Other. An unsecured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

## Part 6: Executory Contracts and Unexpired Leases

6.1    The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

7.1    Property of the estate will vest in the debtor as stated below:

*Check the applicable box:*

    ☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

    ☐ other: The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

    ☑ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*



These plan provisions will be effective only if the applicable box in § 1.3 is checked.

| Part 9: | Signatures |

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

The debtor and the attorney for the debtor, if any, must sign below.

_Michael Lee Walker_
Signature of Debtor 1

Executed on: 3/25/22

_Michele Abbie Walker_
Signature of Debtor 2

Executed on: 3/25/22

_[signature]_
Signature of Attorney for Debtor(s)

Robert R. Meredith, Jr., D.C. ID#6152
rm@meredithlawfirm.com

Eric H. Nelson DCID #13482
enelson@meredithlawfirm.com

Meredith Law Firm, LLC
1901 Assembly Street, Suite 360
Columbia, SC 29201
803-451-5000 (t)
803-451-5040 (f)

Executed on: 3/25/22

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Michael Lee Walker<br>Michele Abbie Walker<br><br><br>DEBTOR(S) | CASE NO: 22-00227-dd<br><br>CHAPTER 13 |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Notice of Confirmation Hearing and Plan was duly served upon the creditors and all parties in interest as listed below by depositing said papers in the United States Mail at Columbia, South Carolina, on this date, postage prepaid, to the following addresses and electronically through CM/ECF pursuant to Operating Order 04-11, on this date.

**VIA US MAIL**

[see attached mailing matrix]

**ELECTRONICALLY**

Pamela Simmons-Beasley
Chapter 13 Trustee

_____
Attorneys for Debtor
Robert R. Meredith Jr., DC ID #6152
rm@meredithlawfirm.com
Eric H. Nelson, DC ID #13482
enelson@meredithlawfirm.com
Meredith Law Firm, LLC
1901 Assembly Street Ste 360
Columbia, SC 29201
803-451-5000 (p)
803-451-5040 (f)

Date: 3/25/22

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 22-00227-dd<br>District of South Carolina<br>Columbia<br>Fri Mar 25 17:10:32 EDT 2022 | Acceptance Now Finance<br>609 12th Street<br>West Columbia, SC 29169-6336 | Affirm<br>30 Isabella St 4th Floor<br>Lexington, SC 29072 |
| AmeriCredit Financial Services, Inc. dba GM<br>P O Box 183853<br>Arlington, TX 76096-3853 | (p)ASCENDIUM EDUCATION SOLUTIONS INC<br>38 Buttonwood Court<br>MADISON, WI 53718-2156 | Aspen Financial<br>PO Box 802533<br>Dallas, TX 75380-2533 |
| (p)AUTOMONEY INC<br>ATTN ABIGAIL SCUDDER DUFFY<br>450 MEETING ST<br>CHARLESTON SC 29403-5522 | Avio Financial<br>PO Box 780408<br>Wichita, KS 67278-0408 | Axcssfn/Cngo<br>7755 Montgomery Rd Ste 4<br>Cincinnati, OH 45236-4291 |
| BrightLending<br>PO Box 578<br>Hays, MT 59527-0578 | Capital One Bank<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 |
| Cb/Vicscrt<br>220 W Schrock Rd<br>Westerville, OH 43081-2873 | Check Into Cash<br>PO Box 550<br>Cleveland, TN 37364-0550 | Check N Go<br>7358 Two Notch Road Suite A<br>Columbia, SC 29223-7620 |
| Clearline Loans<br>2520 St. Rose Parkway<br>Suite 111<br>Henderson, NV 89074-7784 | Credit One Bank<br>PO Box 98873<br>Las Vegas, NV 89193-8873 | Discover Bank<br>P.O. Box 176010<br>Raleigh, NC 27619-6010 |
| Diversified Recovery Bureau<br>PO Box 28<br>West Seneca, NY 14224-0028 | GM Financial<br>Attn: Bankruptcy Dept<br>PO Box 183853<br>Arlington, TX 76096-3853 | Global Credit Collections<br>4839 North Elston Ave<br>Chicago, IL 60630-2534 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | (p)JORA CREDIT<br>7701 LAS COLINAS RIDGE SUITE #650<br>IRVING TX 75063-8114 |
| (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Lendmark<br>Po Box 2969<br>Covington, GA 30015-7969 |
| Lexington County EMS<br>116 Prides Way Drive<br>Lexington, SC 29072-3737 | (p)LEXINGTON MEDICAL CENTER<br>470 HULON LANE<br>WEST COLUMBIA SC 29169-4841 | Sean P. Markham<br>Markham Law Firm, LLC<br>P.O. Box 101<br>Mount Pleasant, SC 29465-0101 |

Robert R. Meredith Jr.
4000 Faber Place Drive
Suite 120
N. Charleston, SC 29405-8585

Navient
Attn: Bankruptcy
PO Box 9640
Wilkes Barre, PA 18773-9640

Nelnet
PO Box 82561
Lincoln, NE 68501-2561

Eric H Nelson
Meredith Law Firm, LLC
1901 Assembly Street
Suite 360
Columbia, SC 29201-2439

North Star Finance
PO Box 498
Hays, MT 59527-0498

OneMain Financial
Attn: Bankruptcy
601 NW 2nd St #300
Evansville, IN 47708-1013

Palmetto Citizens Federal Credit Union
PO Box 5846
Columbia, SC 29250-5846

(p)PENTAGON FEDERAL CREDIT UNION
ATTN BANKRUPTCY DEPARTMENT
P O BOX 1432
ALEXANDRIA VA 22313-1432

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

QVC
Attn: Customer Service
1200 Wilson Drive at Studio Park
West Chester, PA 19380

RISE Credit / Peritus Portfolio Services II,
P.O. Box 141419
Irving, TX 75014-1419

Receivable Solutions Inc.
P.O. Box 1984
Southgate, MI 48195-0984

Rise
4150 International Plaza Suite 300
Fort Worth, TX 76109-4819

Rise Credit
PO Box 679900
Dallas, TX 75267-9904

Rmcfin
205 J Columbia Av
Lexington, SC 29072-2662

Security Finance
Attn: Bankruptcy Dept
PO Box 1893
Spartanburg, SC 29304-1893

Pamela Simmons-Beasley
250 Berryhill Road
Suite 402
Columbia, SC 29210-6466

Simple Fast Loans
8601 Dunwoody Place
Suite 406
Atlanta, GA 30350-2550

(p)SOUTH CAROLINA DEPARTMENT OF REVENUE
OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY SECTION
300A OUTLET POINTE BLVD
COLUMBIA SC 29210-5666

Springleaf Financial
PO Box 1010
Evansville, IN 47706-1010

Synchrony Bank/Belk
PO Box 530940
Atlanta, GA 30353-0940

Tea Olive, LLC
PO BOX 1931
Burlingame, CA 94011-1931

TitleMax
909 N Lake Drive
Lexington, SC 29072-2157

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

U.S. Department of Education c/o Nelnet
121 S 13th Street
Lincoln, NE 68508-1904

Value City Furniture
140 Columbiana Drive
Columbia, SC 29212-2258

Michael Lee Walker
451 Sease Hill Rd
Lexington, SC 29073-8974

Michele Abbie Walker
451 Sease Hill Rd
Lexington, SC 29073-8974

Wells Fargo Financial
Po Box 29704
Phoenix, AZ 85038-9704

World Finance
PO Box 6429
Greenville, SC 29606-6429